```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
UNITED STATES OF AMERICA,

                                                                    15-cr-778 (PKC)

             -against-                                              ORDER


HECTOR MEDINA,

                        Defendant.
-----------------------------------------------------------x
```

CASTEL, U.S.D.J.

      Mr. Medina has had three CJA attorneys appointed during the course of this action. The Court denies his request to appoint counsel to represent him on the government's request that he waive the attorney-client privilege so that his former lawyer, Gerald DiChiara,, may respond to the claim that he rendered ineffective assistance of counsel.

      A waiver is the knowing and voluntary giving up of a known right. The right you would be giving up by signing the "Attorney-Client Privilege Waiver (Informed Consent)" is the right to keep others, including the government and the Court, from knowing the content of communications (for example, conversations, emails, letters, phone calls) between you and your lawyer on matters relating to your legal representation. If you waive the attorney-client privilege, communications between you and your former lawyer could be revealed by the lawyer, including but not limited to what you told him and what he told you in private, provided the lawyer in good faith felt that he needed to make the disclosure in order to fairly respond to your accusation that he failed to render effective assistance of counsel. These communications would no longer be confidential, private or secret.

Mail to Hector Medina 2/18/2020

The Court has ordered your former lawyer to respond to the claims made in your motion. The government has said that if you decline to sign the executed waiver, as is your right to do, it will take the position with the Court that your motion to vacate your sentence under 28 U.S.C. §2255 should be denied because you have prevented your former lawyer from being able to respond to the claims in your motion. If you do not sign the waiver, after hearing from all parties, the Court may and in all likelihood would grant the application to dismiss your motion.

SO ORDERED.

_____
P. Kevin Castel
United States District Judge

Dated: New York, New York
February 18, 2020